UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RAPID CITY/BH LODGING, LLC, AND OUTFITTER LODGING, | 4:23-CV-04053-RAL |
| Plaintiffs, | |
| vs. | ORDER DENYING IN PART & GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL |
| AMGUARD INSURANCE COMPANY, | [DOCKET NO. 21] |
| Defendant. | |

## INTRODUCTION

This matter is pending before the court on plaintiffs' Rapid City/BH Lodging, LLC ("BH Lodging") and Outfitter Lodging, LLC ("Outfitter") complaint alleging defendant AmGUARD Ins. Co. ("AmGUARD") breached the terms of its contract of property insurance and refused in bad faith to pay benefits under that contract.  See Docket No. 1.  Jurisdiction is premised on the presence of diverse citizenship of the parties, 28 U.S.C. § 1332.  Now pending is plaintiffs' first motion to compel responses to interrogatories and requests for the production of documents.  Docket No. 21.  Defendant resists the motion, and plaintiff has filed a reply.  Docket Nos. 30 & 31.  This matter has been referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and DSD L.R. 57.11.  Docket No. 38.

## FACTS

Plaintiffs' claims arise from a storm which occurred on or around June 4, 2020.  Docket No. 1, p. 3 at ¶¶ 11-15.  Defendant denies the allegations in the complaint and asserts various defenses.  Docket No. 12.

Plaintiffs' served defendant the first set of interrogatories and document requests on June 29, 2023.  Docket No. 32-1, p. 13.  Defendant requested multiple extensions to respond, which plaintiffs granted.  See Docket No. 23; Docket Nos. 23-1 & 2.  Defendant responded to plaintiffs' discovery requests on November 29, 2023, with various objections.  Docket No. 23-3.  Plaintiffs notified defendant of the discovery deficiencies by letter on December 18, 2023.  Docket No. 23-4.  Defendant responded by letter on January 9, 2024, reasserting its objections.  Docket No. 23-6.  On January 11, 2024, the parties held a telephone conference to meet and confer on the disputed discovery without resolution.  Docket No. 23, p. 4 (Byre Aff.).  Plaintiffs filed this motion to compel discovery with a certificate of good faith on January 12, 2024.  Docket Nos. 21-24.

The parties filed a stipulated protective order with this court on January 23, 2024, which the court granted.  Docket Nos. 25-27.  Defendant supplied plaintiffs with supplemental discovery responses on February 2, 2024.  Docket No. 32-2.  After the briefing was completed by the parties for this motion, defendant filed an affidavit stating that it had provided plaintiffs with additional discovery.  Docket No. 35.  This court ordered plaintiffs to file a sur-reply detailing what discovery requests were left outstanding from its original

motion.  Docket No. 38.  Plaintiffs responded that the following discovery items were still in dispute: Interrogatories 14-15, & 17; Requests for Production (RFP) Nos. 6-8, 11, 13, 18-19, 23, 28, & 31.  Docket No. 40.

## DISCUSSION

### A.    SCOPE OF DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> *Scope in General.*  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable.

See FED. R. CIV. P. 26(b)(1).  What is relevant for discovery "is broader than what is admissible at trial; information sought in discovery need only be 'reasonably calculated to lead to the discovery of admissible evidence.' " Pearson v. Royal Canin USA, Inc., 4:22-CV-04018-KES, 2023 WL 5916437, at *3 (D.S.D. Sept. 11, 2023) (quoting Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, 784 F.3d 1183, 1198 (8th Cir. 2015)).

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2).  Interrogatories must be answered unless the opposing party objects stating specific grounds for the objection.  Id. at (b)(4).  Interrogatories must be proportional to the case as in all discovery

3

requests under FED. R. CIV. P. 26(b)(1); FED. R. CIV. P. 33 (Advisory Committee Note 2015 Amendment).

A party requesting the production of documents "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). The responding party must allow inspection, produce copies, or object and provide a basis for that objection. Id. at (b)(2)(B)-(C). "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Id. at (b)(E)(i). "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Id. at (b)(2)(B).

When a party fails to answer an interrogatory or produce materials responsive to a request for production, the party seeking discovery may move the court "for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1), (a)(3)(B)(ii)–(iii). The moving party "must make a threshold showing that the requested information falls within the scope of discovery under Rule 26(b)(1)." Sprint Comm. Co. L.P. v. Crow Creek Sioux Tribal Ct., 316 F.R.D. 254, 263–64 (D.S.D. 2016) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992)). It then becomes the burden of the party resisting discovery to convince the court that "the discovery is irrelevant or disproportional." Id. (citations omitted). If the court determines the requests to be outside the scope allowed by Rule 26(b)(1), it must fashion appropriate limits. FED. R. CIV. P. 26(b)(2)(C)(iii).

**B.      Disputed Discovery**

**1.      Interrogatory 14**

BH Lodging and Outfitter move to compel AmGUARD's response to

Interrogatory 14:

> **No. 14:** In the last ten (10) years, has Defendant been a party in a
> civil lawsuit alleging breach of contract, fraud, deceit, insurance
> bad faith and/or unfair claims practices, or been a party in a
> regulatory complaint brought against it, involving a weather-
> related property claim? If so, identify the case by name, court and
> trial docket number, and indicate the substance of the allegations,
> as well as the outcome of the case.

Docket No. 23-3, p. 6.

AmGUARD objects to the interrogatory with boilerplate language that it

is not relevant, will not lead to the discovery of admissible material, and is

overly broad and unduly burdensome.  Id.  Defendant acknowledges that this

court has determined that evidence of bad faith and unfair claims practices are

relevant (Schultz v. Sentinel Ins. Co., Ltd., No. 4:15-CV-04160-LLP, 2016 WL

3149686, at *12 (D.S.D. June 3, 2016)), although it states that No. 14 exceeds

relevance by including fraud and deceit claims.  Docket No. 30, p. 4.  Further,

the request would require defendant to review every court filing against them in

every jurisdiction it does business.  Id.  If this court finds that the request is

discoverable, defendant asks that the court enter a protective order to the

discoverable material limited to bad faith/unfair claims practices on hail-

related property claims.  Id. at p. 5.

BH Lodging and Outfitter state that the request is relevant to its bad-

faith claim against AmGUARD.  Docket No. 22, p. 6.  Number 14 could lead to

evidence that AmGUARD "unreasonably investigated or denied a claim knowing that there was coverage or acted with reckless disregard to whether the facts indicated coverage" showing a "pattern and practice" of harmful conduct.  Id.; Schultz, 2016 WL 3149686, at *9.  This evidence is essential to proving a bad-faith claim and punitive damages.  Plaintiffs argue that any prior action involving breach of contract, fraud, deceit and bad faith and unfair claims practices are discoverable for these reasons.  Docket No. 22, p. 6.  Plaintiffs also state that the request is appropriately limited to "weather-related property claims" and to 10 years.  Id. at p. 7.

Schultz is instructive for considering the relevance of prior civil actions, but this court does not arbitrarily limit relevance to only prior bad faith and unfair practices litigation.  "To be relevant, these other cases must share some factual or legal vector with the plaintiffs' claims" Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 489 (D.S.D. 2012).  Plaintiffs here seek to discover evidence of breach of contract and bad faith for a weather-related insurance claim.  Docket No. 1, pp. 9-10.  The scope of No. 14 shares a factual *and* legal vector with what is alleged in the complaint.

"[T]his district has . . . routinely compelled discovery of prior lawsuits for bad faith and extracontractual claims."  Haukaas v. Liberty Mut. Ins. Co., No. 4:20-cr-0461-KES, 2021 WL 5416251, at *5 (D.S.D. Nov. 19, 2021) (quoting Rounds v. The Hartford, No. 4:20-CV-04010-KES, 2021 WL 4150838, at *10 (D.S.D. Sept. 13, 2021)).  Regulatory actions and consumer complaints are relevant when there is a bad-faith claim alleged.  See, e.g., Lillibridge v.

6

<u>Nautilus Ins. Co.</u>, No. CIV. 10-4105-KES, 2013 WL 1896825, at **5-6 (D.S.D. May 3, 2013); <u>Kirschenman</u>, 280 F.R.D. at 489.  "Prior bad faith litigation may be relevant to show [the defendant's] knowledge and conduct and whether a pattern and practice of inadequate investigation, offering unreasonably low settlement offers, or other reprehensible conduct is being repeated among policyholders." <u>Lillibridge</u>, 2013 WL 1896825, at *6.  This court finds that prior civil lawsuits alleging breach of contract, fraud, deceit, insurance bad faith and/or unfair claims practices, or regulatory complaints are relevant.

It is AmGUARD's burden then to show how No. 14 is overly broad and unduly burdensome.  AmGUARD states such a request is unduly burdensome because it would require manual review of every claim filed over the past 10 years.  Docket No. 30, p. 4.  Courts must evaluate whether the discovery request is proportional by weighing various factors:  not only the amount of damages at stake, but also the importance of the interests in the case, the parties' access to relevant information, the parties' resources, how important the discovery is to the issues, and whether the burden of producing the discovery outweighs its likely benefit.  <u>See</u> FED. R. CIV. P. 26(b)(1).

> A party claiming undue burden or expense ordinarily has far better information -- perhaps the only information -- with respect to that part of the determination.  A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.  The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

<u>Id.</u> at (2015 Advisory Committee Note).

"Unless the task of producing or answering is unusual, undue[,] or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." Haukaas v. Liberty Mut. Ins. Co., No. 4:20-CV-04061-KES, 2022 WL 1719412, at *4 (D.S.D. May 27, 2022); Lillibridge, 2013 WL 1896825, at *6 (citations omitted). The party opposing discovery cannot simply refuse to answer based on a boilerplate proportionality objection; it must provide facts demonstrating how the request is disproportionate. FED. R. CIV. P. 26(b)(1) (2015 Advisory Committee Note); See Sprint Commc'ns Co., 316 F.R.D. at 264.

AmGUARD fails to provide this court with any facts as to how answering No. 14 would be unduly burdensome. Its response does not include the number of jurisdictions it serves, the amount of hail verses general weather-related property claims, how it accesses information on civil lawsuits in its database, or the time and cost of answering such a request. AmGUARD is asked to provide a yes or no answer as to prior relevant civil litigation involving weather-related property claims with case name, court and trial docket number, the substance of the allegations, and as well as the outcome of the case, limited to the past 10 years. As presented, No. 14 is not unduly burdensome and is proportional to this case. Plaintiff's motion to compel interrogatory No. 14 is granted.

### 2.   Interrogatories 15 & 17

BH Lodging and Outfitter move to compel AmGUARD's response to Interrogatories 15 & 17:

**No. 15:** Identify any and all weather-related property claims submitted to Defendant by its insureds within a five-state radius of the Properties (including South Dakota, North Dakota, Minnesota, Nebraska, Montana and Iowa) from the last ten (10) years, where Defendant denied any portion of a weather-related property claim. "Identify" means stating:

   a. The name, address, email, and phone number of Defendant's insured(s) who made said claim;
   b. The date the claim was made;
   c. Whether Defendant or any person or organization on its behalf performed any inspections of the property;
   d. The name, address, email, and phone number of the person or company who performed said inspection(s);
   e. Whether a third-party was hired to analyze the property's damage, and if so, identify the third-party;
   f. The amount of the deductible;
   g. The amount of the property damage;
   h. Whether the insured(s), or anyone on the insured's behalf, disputed Defendant's initial determination of the claim;
   i. Defendant's response to the insureds' dispute; and
   j. The status of the claim or dispute (claim denied, in litigation, claim paid, etc.).

**No. 17:** Identify any and all weather-related property claims submitted to Defendant by its insureds within the five-state radius of the Properties (including South Dakota, North Dakota, Minnesota, Nebraska, Montana and Iowa) from the last ten (10) years, where it utilized Haag Engineering Company to perform a study, inspection or provide an opinion on an insured's property or in any way assist with handling the claim. "Identify" means stating:

   a. The name, address, email, and phone number of Defendant's insured(s) who made said claim;
   b. The date the claim was made;
   c. The amount of the deductible;
   d. The amount of the property damage;
   e. The damages to said property that Haag Engineering Company reported;
   f. Identify the Haag Engineering Company report;
   g. Identify whether Haag Engineering Company classified the damages as compensable; and
   h. The status of the claim or dispute (claim denied, in litigation, claim paid, etc.).

Docket No. 23-3, pp. 6-7.

9

AmGUARD objects to the interrogatories with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly broad and unduly burdensome.  Id.  AmGUARD argues that discovery of out-of-state claims must share some factual or legal vector with the plaintiffs' claims by once again citing Lillibridge and Kirschenman.  Docket No. 30, p. 5. Further, AmGUARD objects to the requests because "weather-related" is a vague term and is not searchable through its database and manual review of an unknown number of claims will be required.  Id.  It suggests that if the court finds the requests relevant, that No. 15 be limited to hail only claims, and No. 17 be limited to 5 years.  Id. at p. 6.  Again, AmGUARD does not provide specific facts as to the resources required to comply with the requests to meet its burden of proving the request is unduly burdensome.

This court finds that the requests share a factual and legal vector with out-of-state "weather-related" claims processed by AmGUARD and are relevant to this case.  Plaintiffs limit Nos. 15 & 17 to the 5-state region of states bordering South Dakota that experience similar weather patterns as South Dakota.  Further geographic limits are unnecessary.  AmGUARD argues that reducing No. 17 from 10 years to 5 years will "tremendously reduce the number of files for review and work hours to satisfy the request," but it does not state how many less files will need manual review.  Id.  Without more, a reduction from 10 years to 5 years is unnecessary.

AmGUARD requests clarification on the supposed vague "weather-related" term applied to the claims requested.  BH Lodging and Outfitter must

define "weather-related" claims for AmGUARD in Nos. 15 & 17, whether that includes wind, hail, storm, or other occurrences of property damage.  With this clarification, plaintiffs' motion to compel interrogatories 15 & 17 is granted.

### 3.      Requests for Production Nos. 6 & 7

BH Lodging and Outfitter move to compel AmGUARD's response to RFPs Nos. 6 & 7:

> **No. 6:** Produce any and all documents relating to regulatory actions—including but not limited to suspension or revocation proceedings, Market Conduct Examinations, Cease and Desist Orders, Consent Orders, Reports of Examinations, Corrective Orders or Corrective Action Plans—involving Defendant's property claims handling process from the past ten (10) years.  This Request is not limited to South Dakota.

> **No. 7:** Provide copies of any Department of Insurance consumer complaints involving Defendant's handling of property claims from the past ten (10) years.  This Request is not limited to South Dakota.

Docket No. 23-3, pp. 6-7.

AmGUARD objects to the RFPs with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly broad and unduly burdensome.  Id.  AmGUARD concedes that this court has previously determined that regulatory actions and consumer complaints are relevant in bad-faith litigation.  Docket No. 30, p. 6;  See, e.g., Schultz, 2016 WL 3149686, at *9; Lillibridge, 2013 WL 1896825, at *13.

AmGUARD's main objection is that these requests are overly broad as there is no geographic limitation.  Docket No. 30, p. 7.  AmGUARD has identified 1093 total complaints filed with the various Departments of Insurance in the United States between January 2014 and May 31, 2020.  Id.

11

It is unclear why AmGUARD only included complaints from a 6-year, rather than a 10-year period as requested.  Complying with the request would require AmGUARD to manually review all 1093 complaints, although AmGUARD does not provide facts as to how many employee hours or what expense would be required.  AmGUARD also states that these files are publicly available to the plaintiffs.  Id.  AmGUARD suggests that the requests be limited to South Dakota.  Id.

In Haukaas, the court narrowed a similar request for regulatory documents and consumer complaints from 10 years to 5 years, and from nationwide, to the eight states that make up the Eighth Circuit—North Dakota, South Dakota, Nebraska, Minnesota, Iowa, Missouri, and Arkansas.  Haukaas, 2021 WL 5416251, at *15.  The court weighed the scope of the request against plaintiff's public policy concern that the potential bad-faith verdict could have broad implications on the business practices of the insurer and outcomes for thousands of insureds.  Id.  The court determined that the narrowed timeframe and geography of the request could show a "pattern and practice" of bad faith. Id.  The insurer reasserted its objection to the production request as being overly burdensome; the insured did not object.  Haukaas, 2022 WL 1719412, at *4.  The court determined a decrease from the insurer's review of 26,000 litigation files requiring 13,000 staff hours to a review of 1,200 litigation files and 600 staff hours was proportional to the case.  Id.

BH Lodging and Outfitter argue that the request is not unduly burdensome because the defendant's legal department should have a list of the

actions and documents requested.  Docket No. 22, p. 10.  The advisory committee note to the 2015 amendment to Rule 26(b)(1) explains how courts should weigh a defendant's claim of undue burden in a particular case:  "A party claiming undue burden or expense ordinarily has far better information -- perhaps the only information -- with respect to that part of the determination."  See FED. R. CIV. P. 26(b)(1) 2015 Amendment (advisory committee note).

This court finds that AmGUARD has presented facts sufficient to find that requests Nos. 6 & 7 are not proportional to the case as in Haukaas.  This court grants plaintiffs' motion to compel as to requests Nos. 6 & 7 but narrows the requests to the past 5 years[1] and to the geography of states with the 5-state region including South Dakota identified by plaintiffs—South Dakota, North Dakota, Minnesota, Nebraska, Montana and Iowa.

### 4.    Request for Production No. 8

BH Lodging and Outfitter move to compel AmGUARD's response to RFP No. 8:

> **No. 8:** Produce a list of all weather-related property damage claim investigations conducted by the adjuster(s) who made the determination on Plaintiffs' claims within the past ten (10) years on behalf of Defendant and state whether such claim was accepted as compensable or denied in whole or in part. This Request is not limited to South Dakota. Defendant may redact or withhold social security numbers, and bank, credit card or other financial account numbers of any person.

---

[1] Requests Nos. 6 & 7 do not state a specific period of years, only that BH Lodging and Outfitter request documents from the last 10 years.  This court mirrors the language of the initial request by reducing 10 years to 5 years.

Docket No. 23-3, p. 10.

AmGUARD objects to the RFPs with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly broad, vague and unduly burdensome.  Id.  AmGUARD argues that this request is duplicitous of interrogatories 15 & 17 addressed in section 2 above. Docket No. 30, p. 7.

Plaintiffs respond by stating that Nos. 15, 17, & 8 seek different information, the notable difference is that No. 8 specifically requests a list of claims that the adjustor assigned to the current case also investigated, not limited in geography, and for a 10-year period.  Docket No. 31, p. 11.  Plaintiffs also request a list of all claims, both accepted or denied in whole or part, rather than claims just denied or denied in part as in No. 15.

First, the request is relevant as for the reasons discussed in the previous sections.  To the extent that there is overlap of the adjustor's investigations on claims denied or denied in part, and the claims requested in Nos. 15 & 17, No. 8 is duplicitous.  To the extent that AmGUARD is to produce a list of claims assigned to the adjustor that were accepted, the request is not duplicitous. AmGUARD need only give the requested information once that sufficiently identifies claims either accepted or denied or denied in part by the adjustor. This could be inclusive of the compelled response of No. 15.

Defendant states it would comply with the request if this court fashions limitations in geography.  Docket No. 30, p. 8.  The court will place similar limits on RFP No. 8 as it did in connection with interrogatories 15 & 17.  BH

14

Lodging's and Outfitter's motion to compel No. 8 is granted but limited to the adjustor's claims for weather-related property damage[2] in the 5-state region bordering and inclusive of South Dakota for 10 years.  If the adjustor has not been employed with AmGUARD for 10 or more years, the applicable time would be the years the adjustor was so employed.

### 5.    Request for Production No. 11

BH Lodging and Outfitter move to compel AmGUARD's response to

RFP No. 11:

**No. 11:** For each individual who handled Plaintiff's claim and their direct supervisor, please produce said person's personnel file. Defendant may redact or withhold social security numbers, health and life insurance information, condition or treatment information, and bank, credit card or other financial account numbers for former and current employees.

Docket No. 23-3, p. 10.

AmGUARD objects to the RFP with boilerplate language that it is not relevant and will not lead to the discovery of admissible material.  Id. Defendant concedes that this court has ruled that personnel files in bad-faith actions are relevant and discoverable.  Docket No. 30, p. 8; Hill v. Auto Owners Ins. Co., 5:14-CV-05037-KES, 2015 WL 1280016, at *8 (D.S.D. Mar. 20, 2015) (citation omitted).  Defendant raises a vagueness and proportionality objection in its brief.  Docket No. 30, p. 9.  Defendant takes issue that plaintiffs do not define individuals who "handled Plaintiff's claim" which could include

---

[2] As discussed in Section 2 of this opinion, BH Lodging and Outfitter must clarify "weather-related" property damage and whether it includes hail, wind, storm, or other weather occurrences.

hundreds of employees, some of which no longer work for AmGUARD.  Id.  BH Lodging and Outfitter define individuals who "handled Plaintiff's claim" in reply: "the word 'handled' is regularly used in the insurance industry and clearly refers to the individuals involved in adjusting, evaluating, managing and supervising Plaintiffs' property damage claims."  Docket No. 31, p. 12.  This clarification is appropriate and acts to reduce AmGUARD's responsive documents.

Although personnel files often contain sensitive and confidential information, they tend to reveal an insurance company's culture in ways that cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive"  Burke v. Ability Ins. Co., 291 F.R.D. 343, 352 (D.S.D. 2013); see FED. R. CIV. P. 26(b)(2)(C)(i).  To prevent the disclosure of sensitive and confidential information our courts have recognized "health care documents, life insurance . . . W-4s, I-9s, retirement account information, information about employees' bank accounts for purposes of electronic deposits, and counseling information regarding employee assistance programs" as sensitive material that need not be produced.  Nye v. Hartford Accident & Indem. Co., CIV. 12-5028-JLV, 2013 WL 3107492, at *11 (D.S.D. June 18, 2013) (citations omitted).  BH Lodging and Outfitter are not entitled to this sensitive information and AmGUARD may redact any sensitive employee information defined by the initial request and case law.

The court notes that this discovery request contains no time limitations. The court finds that a look-back period of five years is proportional.

16

AmGUARD must produce personnel files responsive to RFP No. 11 from April 30, 2019, to April 30, 2024, excluding the sensitive documents listed above. Plaintiffs' motion to compel No. 11 is granted.

### 6.      Request for Production No. 13

BH Lodging and Outfitter move to compel AmGUARD's response to RFP No. 13:

**No. 13:** Produce any and all affidavits, transcripts of depositions or trial testimony of any of Defendant's employees or officers in any suit alleging breach of contract, fraud, deceit, bad faith and/or unfair claims practices in a case arising out of a first-party property/weather-related damage claim, from the past ten (10) years, brought within the states of South Dakota, North Dakota, Minnesota, Nebraska, Montana and/or Iowa.

Docket No. 23-3, p. 11.

AmGUARD objects to the RFPs with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly broad, vague and unduly burdensome.  Id.  AmGUARD argues that the scope of the request is outside the issues of the case by including fraud and deceit. Docket No. 30, p. 9.  AmGUARD also argues they do not keep a depository of such documents and complying with the request would require manual review of all claims within 10 years and the 5-state region.  Id.

BH Lodging and Outfitter have consistently argued that fraud and deceit are relevant to the scope of the bad faith and breach of contract claims to "shed light upon Defendant's internal procedures for handling property damage claims and provides information concern the claims handlers involved in this action."  Docket No. 22, p. 13.  As discussed in section 1 of this opinion,

evidence of fraud and deceit are relevant to the issues presented here.  See Kirschenman, 280 F.R.D. at 489.

"Prior bad faith litigation may be relevant to show [the defendant's] knowledge and conduct and whether a pattern and practice of inadequate investigation, offering unreasonably low settlement offers, or other reprehensible conduct is being repeated among policyholders." Lillibridge, 2013 WL 1896825, at *6.  Requests of prior lawsuits are not unlimited.  In Lillibridge, the plaintiff requested "any document relating to litigation" involving the defendant.  Id. at *7.  The court determined that the plaintiff was not entitled to "any document."  Id.  The court ordered the defendant produce for every lawsuit responsive to the request, the complaint and answer, docket sheet, supporting affidavits, and copies of any dispositive motions and responding briefs, as well as a summary of the outcomes of the cases.  Id. at **8-9.  The court left the door open for the plaintiff to request additional documents that were (1) relevant and (2) had a sufficient factual or legal nexus to the claim after the review of the initial pleadings.  Id. at *7.  The court also ordered the defendant to produce requested deposition transcripts of 5 individuals.  Id. at *8;  see Kirschenman, 280 F.R.D. at 490 ("[The insurer] shall also obtain copies of any transcripts of deposition or trial testimony of its employees or officers in any of the litigation files requested by plaintiffs.").

AmGUARD does not object on the basis it does not have responsive documents, only that complying would be unduly burdensome.  Docket No. 30, p. 9.  AmGUARD has not identified the number of claims that could be

responsive to this request.  Id.  Instead, AmGUARD suggests that manual review would be necessary.  AmGUARD does not offer information on the resources that would be expended responding to the request.  Id.  AmGUARD's purported burden, as BH Lodging and Outfitter suggests (Docket No. 31, p. 14), is one of its own making.  AmGUARD cannot frustrate discovery by its inadequate filing system.  See Haukaas, 2021 WL 5416251, at *9 ("a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purpose of the discovery rules.").  As in Haukaas, this court finds that AmGUARD's deficient filing system is not alone a sufficient reason to find RFP No. 13 unduly burdensome.

BH Lodging and Outfitter have already appropriately limited the request to 10 years and the 5-state region inclusive of and surrounding South Dakota. Plaintiffs' motion to compel as to No. 13 is granted, but plaintiffs shall define for defendant "weather-related property damage."

### 7.     Request for Production No. 18

BH Lodging and Outfitter move to compel AmGUARD's response to

RFP No. 18:

**No. 18:** Produce all documents relating to Defendant's efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

Docket No. 23-3, p. 11.

AmGUARD objects to the RFP with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly

broad, vague and unduly burdensome.  Id.  AmGUARD objects because the request would require it to "review any and all training materials, inner-office memos, and corporate documents to determine if any relate [to] Plaintiffs' request."  Docket No. 30, p. 10.  AmGUARD also states it does not offer an incentivization plan to its employees for denying claims.  Id.

BH Lodging and Outfitter rely on this court's previous cases to justify the relevance of RFP No. 18.  Cases in this district do not limit the scope of such requests just to personnel files or incentive programs as AmGUARD suggests.  In Hurley v. State Farm Mut. Auto. Ins. Co., Civ. No. 10-4165-KES, 2012 WL 1600796, at *4 (D.S.D. May 7, 2012), this court ordered the defendant to disclose "all human resources manuals, salary administration manuals, personal bulletins or manuals, orientation booklets, directives, memos, or other documents in use for the previous [five] years to inform claims personnel of" how they can receive "salary increases, bonuses, or commissions."  In Fair v. Royal & Sun All., 278 F.R.D. 465, 475 (D.S.D. 2012), this court ordered the defendant to disclose "scorecards" used by management as a metric for employee performance.  These cases and others have consistently held that the information requested in plaintiffs' RFP No. 18 is relevant because it could be evidence of "institutional pressure [brought] to bear on its employees to deny claims."  Id. at 476; see Hill, 2015 WL 1280016, at *9.

AmGUARD has not met its burden of proving that RFP No. 18 is overly broad, vague, or unduly burdensome.  It states review of documents is required, as is with any request for production in any case.  It does not state

how or why it is limited to answering plaintiffs' request.  The court does not interpret the language in RFP No. 18 as "vague."  As to RFP No. 18, plaintiffs' motion to compel is granted.

### 8.    Request for Production No. 19

BH Lodging and Outfitter move to compel AmGUARD's response to RFP No. 19:

**No. 19:** Produce the underwriting files referring or relating in any way to Plaintiffs' Policy or the Properties at-issue, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

Docket No. 23-3, p. 12.  AmGUARD objects to the RFP with boilerplate language that it is not relevant and will not lead to the discovery of admissible material.  Id.  AmGUARD states because "coverage is not an issue, therefore the underwriting files are irrelevant."  Docket No. 30, p. 11.

BH Lodging and Outfitter base their bad faith and breach of contract claims on the very issue of coverage, arguing that plaintiffs were entitled to receive coverage under the policy and were unjustly denied.  Docket No. 22, p. 16.  Plaintiffs argue that the underwriting files will provide insight as to the breach of contract claim and defendant's counter claims.  Id.  This court has ordered disclosure of underwriting files related to plaintiff's claims in bad-faith litigation.  See Swigart v. Progressive Classic Ins. Co., No. CIV. 04-5059-KES, 2005 WL 1378754, at *1 (D.S.D. Apr. 29, 2005) (Because the defendant did not respond to the plaintiff's motion to compel, the court did not include its reasoning as to discoverability).

21

Other district courts in the Eighth Circuit have reached similar conclusions.  "Underwriting communications are 'reasonably calculated to lead to the discovery of admissible evidence' " in bad-faith cases.  Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co., No. CIV. 10-4948 JRT/JJG, 2014 WL 2865900, at *3 (D. Minn. June 24, 2014) (quoting FED. R. CIV. P. 26 (b)(1)); Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co., No. 4:06CV1722SNLJ, 2009 WL 465588, at *5 (E.D. Mo. Feb. 24, 2009) (The underwriting file created by a third-party and shared with plaintiffs was not subject to the work-product doctrine and was discoverable); Scottsdale Ins. v. Am. Re-Ins. Co., No. 8:06CV16, 2007 WL 405870, at *6 (D. Neb. Feb. 2, 2007) (The underwriting file "as limited, is relevant to claims or defenses raised in this case.").

This court finds that the underwriting files are relevant to the bad faith and breach of contract claims, and defendant's defenses.  AmGUARD does not object on any basis other than relevance.  Therefore, plaintiffs' motion to compel as to RFP No. 19 is granted.

### 9.    Request for Production No. 23

BH Lodging and Outfitter move to compel AmGUARD's response to RFP No. 23:

**No. 23:** If a third-party entity evaluated the subject Properties, provide all documents that show the number of other matters in which the same entity was retained by Defendant to evaluate any other insured's property damage over the past ten (10) years, whether the claim was denied or paid, and the reason the claim was denied or paid.

Docket No. 23-3, p. 13.

22

AmGUARD objects to the RFP with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly broad and vague.  Id.  First, AmGUARD states it maintains no such documents.  Docket No. 30, p. 11.  Second, AmGUARD takes issue that BH Lodging and Outfitter does not specifically state which "third-party entity" is requested, although AmGUARD concedes it did utilize several third-party adjustors and handlers for plaintiffs' claim, information unavailable to plaintiffs.  Id.; Docket No. 31, p. 18.  Defendant also argues that the scope exceeds the case by not limiting the information requested by geography or weather occurrence.  Docket No. 30, p. 11.  AmGUARD rejects plaintiffs' relevance argument that the request will show "a pattern or practice of hiring biased companies to perform inspections" as there was no claim denied in the subject case.  Id.

Regardless of relevance, Rule 34 does not require the opposing party to create a document that does not exist.  See Brown Bear v. Cuna Mut. Grp., 266 F.R.D. 310, 319 (D.S.D. November 5, 2009).  In Brown Bear, plaintiff requested that the insurer to produce updated electronic versions of two Excel Spreadsheets that had been previously produced in other litigation.  Id.  The insurer claimed that updated information did not exist because it stopped tracking the information.  Id.  While the court agreed that it cannot compel the insurer to produce documents that do not exist, it did determine that documents created "in compliance with a court order constitutes the ordinary course of business" and they must be produced as they existed now.  Id.

23

Unlike <u>Brown Bear</u>, BH Lodging and Outfitter is not requesting the production of a document it knows to exist.  BH Lodging and Outfitter is seeking multiple datapoints to be presented in a comprehensive document created by AmGUARD without specifying what it means by "third-party entity." Were this discovery request made in the form of an interrogatory, the obstacle to production of the information would not exist as this court has determined that such information is relevant to BH Lodging's and Outfitter's bad-faith claims.

Because creation of new documents is outside the permissible ambit of Rule 34, compelling such creation is per se unduly burdensome.  Plaintiffs' motion to compel as it pertains to RFP No. 23 is denied.  If BH Lodging and Outfitter reformulate this discovery request as an interrogatory, it is encouraged to include a geographic limitation of a 5-state region inclusive of and surrounding South Dakota and narrow the request to a 5-year period.

### 10.   Request for Production Nos. 28 & 31

BH Lodging and Outfitter move to compel AmGUARD's response to RFP No. 28 & 31:

**No. 28:** Produce all reports or studies Haag Engineering Company provided to or created for Defendant regarding any weather-related property claims within a five-state radius of the Properties (including South Dakota, North Dakota, Minnesota, Nebraska, Montana and Iowa) in the last ten (10) years.

**No. 31:** Produce all documents in your possession pertaining to complaints regarding the conduct of Haag Engineer from a government agency or your insureds from the past ten (10) years.

Docket No. 23-3, pp. 14-15.

24

AmGUARD objects to the RFPs with boilerplate language that it is not relevant, will not lead to the discovery of admissible material, and is overly broad, vague and unduly burdensome.  Id.  AmGUARD states that RFP No. 28 is duplicative of RFP No. 23 as Haag Engineering is a third-party entity that conducted an evaluation on the subject properties.  Docket No. 30, p. 12. AmGUARD continuously points to the vague phrase, "weather-related property claims" as insufficiently descriptive in the request.  Id.  If this court finds that the requests are relevant, AmGUARD requests a limitation to hail specific claims within the identified 5-state region.  Id.

BH Lodging and Outfitter argue that the requested documents of Haag Engineering are relevant as this court has determined in Haukaas, 2022 WL 1719412, at *5; Schultz, 2016 WL 3149686, at *14; Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 518 (D.S.D. 2015).  These cases provide insight to the discoverability of third-party investigator reports, but as defendant rightfully points out, the facts and law in those cases differ from the facts presented here.  Docket No. 30, p. 12.  An independent determination by this court as to relevance is required.

Plaintiffs specifically name Haag Engineering Company as one of the third-party entities utilized by AmGUARD in RFP Nos. 28 & 31, separate from general information requested regarding third-party entities in RFP No. 23. This court determined that RFP No. 23 as written may not be compelled under Rule 34.  AmGUARD has not objected to Nos. 28 & 31 because such documents do not exist as it did for No. 23.  As a result, there is no concern of

the duplicity of these requests.  The Haag Engineering documents need not be also produced in response to No. 23.

Plaintiffs accuse AmGUARD of using "biased opinions" by Haag Engineering Company to deny claims.  Docket No. 22, p. 18.  Defendant concedes that Haag Engineering conducted an evaluation of plaintiffs' properties.  Docket No. 30, p. 12.  Because the requests share a factual and legal nexus with this case, they are relevant.  See Kirschenman, 280 F.R.D. at 489.

Once again, AmGUARD fails to offer facts to sufficiently address how the requests are unduly burdensome.  BH Lodging and Outfitter have narrowed the request to specifically the third-party investigator—Haag Engineering—to the 5-state region surrounding and including South Dakota, and 10 years.  The court finds that this narrowing is proportional to the case.  See Schultz, 2016 WL 3149686, at *13.  Plaintiffs' motion to compel is granted as to Nos. 28 & 31.  As stated previously in this opinion,  plaintiffs are to clarify what weather occurrences are included in "weather-related property claims" for defendants.

## C.    Protection Order

AmGUARD requests that this court issue a protection order on all compelled discovery.  See generally, Docket No. 30.  A stipulated protective order was issued by the district court on January 24, 2024.  Docket No. 27.  Defendant's response to this motion to compel was filed after that date on February 2, 2024.  Docket No. 30.

The protective order allows a party responding to discovery to "designate a document produced as confidential if it believes the document qualifies for protected status by placing the legend "CONFIDENTAL" on the page of any document deemed to contain confidential discovery material."  Docket No. 27, p. 1.  The order then provides guidance on disputes over confidential classifications and available court remedies.  <u>Id.</u>  The existing protective order is sufficient to address the concerns of the defendant as to the compelled documents resulting from this motion.  If the defendant believes that any compelled discovery warrants a "CONFIDENTAL" classification, it should proceed under the direction of the existing protective order.

**D.    Attorney's Fees**

BH Lodging and Outfitter asks the court to award attorney's fees and costs for bringing this motion to compel under FED. R. CIV. P. 37(a)(5)(A).  Docket No. 22, p. 19; Docket No. 31, p. 18.

Under FED. R. CIV. P. 37(a)(5)(A)(ii), this court is prohibited from awarding the movant's attorney's fees when "the opposing party's nondisclosure, response, or objection was substantially justified."  AmGUARD opposes attorney's fees because it was "substantially justified [in objecting] in that many of the requests were irrelevant, overly broad and unduly burdensome."  Docket No. 30, p. 13.  For the first time, AmGUARD suggests that responding to the discovery requests would cost thousands of dollars and thousands of hours.  <u>Id.</u>

27

AmGUARD prevailed on only 1 out of the 13 requests in this motion. AmGUARD provided boilerplate objections to each and every discovery request, and incorrectly stated the standard for relevance.  See FED. R. CIV. P. 26(b)(1) ("Information within the scope of discovery need not be admissible in evidence to be discoverable.").  AmGUARD then conceded relevance on several requests and failed to state any facts as to the time and resources required to comply with the requests.  Objections were devoid of any assertion of privilege to the plaintiffs' requests.  AmGUARD requests that this court issue a protective order on the compelled discovery after AmGUARD had stipulated to a protective order before its response.  Docket Nos. 25-27.

AmGUARD does not dispute that it was provided with multiple extensions to respond to BH Lodging's and Outfitter's first set of interrogatories and documents over five months.  Docket Nos. 23-2, 23-3, p. 8 & 15, 23-5, 23-6.  Only after this motion to compel was filed and after parties stipulated to a protective order did AmGUARD provide plaintiffs with *some* of the disputed discovery (Interrogatory No. 7, RFP Nos. 5, 9, 15-17, 25-26, & 29)  See Docket Nos. 25 & 35; see also Docket No. 23-6 (AmGUARD reasserted its objections to the disputed discovery in January 2024 before this motion was filed to compel).

This court finds that AmGUARD has not met its burden proving that it had substantial justification for not responding to discovery.  Cf. Eddie's Truck Ctr., Inc. v. Daimler Vans USA LLC, 5:21-CV-05081-VLD, 2023 WL 4624888, at *10 (D.S.D. July 19, 2023).  The motion for attorney's fees and costs is granted.

**CONCLUSION**

Based on the foregoing facts, law, and analysis, it is:

ORDERED that BH Lodging's and Outfitter's Motion to Compel [Docket No. 21] is granted in part and denied in part in accordance with this opinion. Defendants shall provide, within 21 days of the date of this order, documents responsive to the granted discovery requests.  It is further

ORDERED that plaintiffs shall, within 21 days of the date of this order, file a request for attorney's fees together with an itemized billing statement of all attorney time claimed and other supporting documentation.  Defendant shall have 21 days to respond to that request.  Plaintiffs shall have 14 days thereafter to file a reply, should they desire to file one.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely

and specific in order to require review by the district court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

      DATED this 2nd day of May 2024.

                BY THE COURT:

                _____
                VERONICA L. DUFFY
                United States Magistrate Judge